IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARAH K. DEEB,

    Plaintiff,

v.                                               Case No.: 8:26-cv-559

ZEN MASSAGE HILLSBOROUGH, LLC
d/b/a SIGNATURE MASSAGE AND FACIAL SPA,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, SARAH K. DEEB ("Plaintiff"), by and through her undersigned counsel, and hereby sues Defendant, ZEN MASSAGE HILLSBOROUGH, LLC d/b/a SIGNATURE MASSAGE AND FACIAL SPA ("Defendant"), and states the following:

### INTRODUCTION

1. This is an action for damages, injunctive relief, and declaratory relief arising from Defendant's religious discrimination, failure to hire, and refusal to accommodate Plaintiff's sincerely held religious beliefs in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. ("FCRA").

1

2. Plaintiff seeks legal and equitable relief to remedy Defendant's unlawful discriminatory practices.

## JURISDICTION, VENUE, AND PARTIES

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices alleged herein occurred in Hillsborough County, Florida.

## THE PARTIES

6. At all times material hereto, Plaintiff was a resident of Hillsborough County, Florida and was an individual protected under Title VII and the FCRA.

7. Defendant, Zen Massage Hillsborough, LLC, is a Florida limited liability company doing business as Signature Massage and Facial Spa in Tampa, Florida.

8. At all times material hereto, Defendant was engaged in an industry affecting commerce.

9. At all relevant times, Defendant employed fifteen (15) or more employees and was an employer within the meaning of Title VII and the FCRA.

## CONDITIONS PRECEDENT

10. Plaintiff timely dual-filed a Charge of Discrimination, EEOC Charge No. 511-2024-04612, with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations alleging discrimination based on religion, and the EEOC investigated the charge.

11. The EEOC issued a Letter of Determination finding reasonable cause to believe Defendant discriminated against Plaintiff by refusing to accommodate her sincerely held religious belief and by failing to hire her because of her religion.

12. The EEOC issued Plaintiff a Notice of Right to Sue after conciliation attempts failed, and this action is timely filed thereafter.

13. Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF FACTS

14. Plaintiff is a licensed massage therapist.

15. Plaintiff practices Santería, a sincerely held religious belief.

16. As part of her religious observance, Plaintiff was required to wear all white clothing and a white head covering for an approximately six-month period.

17. On or about September 21, 2024, Plaintiff interviewed for a Licensed Massage Therapist position with Craig Jakubiak, Defendant's owner and final decision-maker with authority over hiring and uniform policies.

18. Plaintiff wore all white clothing and a head covering to the interview.

19. The interview went well, and Defendant offered Plaintiff the position.

20. On or about September 23, 2024, Plaintiff sent a written message accepting the position and stated she could begin immediately.

21. Also in her written message, Plaintiff asked whether there was a uniform or dress code policy.

21. In her written message, Plaintiff informed Defendant she was required to wear all white clothing and a head covering for religious reasons and that this requirement would continue for approximately six months.

23. Defendant responded that therapists were required to wear black tops and pants or black scrubs.

24. Plaintiff clarified that wearing white was not a personal preference but a religious requirement.

25. Plaintiff offered reasonable alternatives, including wearing lighter-colored scrubs or layering her attire.

26. Plaintiff specifically asked whether her religious attire would not be accepted, as that determination would affect her ability to perform the job.

27. Defendant responded that the scrubs must be black.

28. Defendant did not propose any alternative accommodation.

29. Defendant did not engage in any interactive discussion regarding accommodation.

30. Defendant did not assert that allowing Plaintiff to wear white would cause any hardship.

31. Defendant required Plaintiff to choose between violating her religion or forfeiting employment.

32. Plaintiff forfeited employment solely because Defendant refused to accommodate her religious observance.

33. Plaintiff was qualified for the position and capable of performing all essential job functions.

34. As a direct and proximate result of Defendant's actions, Plaintiff suffered economic losses and non-economic damages, including emotional distress, humiliation, anxiety, and mental anguish.

COUNT I – TITLE VII VIOLATION
(RELIGIOUS DISCRIMINATION – FAILURE TO HIRE)

35. Plaintiff re-alleges paragraphs 1 through 34 above.

36. The aforementioned actions of Defendant constitute religious discrimination against Plaintiff in violation of Title VII.

37. Plaintiff is a member of a protected class under Title VII.

38. Plaintiff was qualified for the position offered by Defendant.

39. Plaintiff was injured due to Defendant's violation of Title VII, including but not limited to lost wages, lost employment opportunities, and emotional distress.

40. Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

**WHEREFORE,** Plaintiff demands:

a) An injunction restraining continued violations of Title VII;

b) Compensation for lost wages, benefits, and other remuneration;

c) Reinstatement to the extent appropriate, or in the alternative, front pay;

d) Compensatory damages, including emotional distress, allowable at law;

e) Punitive damages;

f) Prejudgment interest on all monetary recovery obtained;

g) All costs and attorney's fees incurred in prosecuting these claims; and

h) For such further relief as the Court deems just and equitable.

<u>COUNT II – TITLE VII VIOLATION</u>
(FAILURE TO ACCOMMODATE RELIGION)

41. Plaintiff re-alleges paragraphs 1 through 34 above.

42. Plaintiff held a sincere religious belief requiring her to wear all white clothing and a head covering.

43. Plaintiff notified Defendant of her religious requirement and requested a reasonable accommodation.

44. The aforementioned actions of Defendant constitute failure to accommodate religion in violation of Title VII.

45. Defendant refused to provide reasonable accommodation for Plaintiff's sincerely held religious belief and failed to engage in any interactive process.

46. Defendant's actions were willful and done with malice or reckless indifference to Plaintiff's federally protected rights.

47. Plaintiff was injured due to Defendant's violation of Title VII, including but not limited to lost wages, lost employment opportunities, emotional distress, humiliation, anxiety, and mental anguish.

48. Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

**WHEREFORE,** Plaintiff demands:

a) An injunction restraining continued violations of Title VII;

b) Compensation for lost wages, benefits, and other remuneration;

c) Reinstatement to the extent appropriate, or in the alternative, front pay;

d) Compensatory damages, including emotional distress, allowable at law;

e) Punitive damages;

f) Prejudgment interest on all monetary recovery obtained;

g) All costs and attorney's fees incurred in prosecuting these claims; and

h) For such further relief as the Court deems just and equitable.

## COUNT III – FCRA VIOLATION
### (RELIGIOUS DISCRIMINATION – FAILURE TO HIRE)

49. Plaintiff re-alleges paragraphs 1 through 34 above.

50. The aforementioned actions of Defendant constitute religious discrimination against Plaintiff in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq.

51. Plaintiff is a member of a protected class under the FCRA.

52. Plaintiff was qualified for the position offered by Defendant.

53. Defendant refused to hire Plaintiff because of her religion.

54. Defendant's actions were willful.

55. Plaintiff was injured due to Defendant's violations of the FCRA, including but not limited to lost wages, lost employment opportunities, emotional distress, humiliation, anxiety, and mental anguish.

56. Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

**WHEREFORE,** Plaintiff demands:

a) An injunction restraining continued violations of the FCRA;

b) Compensation for lost wages, benefits, and other remuneration;

c) Reinstatement to the extent appropriate, or in the alternative, front pay;

d) Compensatory damages, including emotional distress, allowable at law;

e) Punitive damages as permitted by law;

f) Prejudgment interest on all monetary recovery obtained;

g) All costs and attorney's fees incurred in prosecuting these claims; and

h) For such further relief as the Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
### (FAILURE TO ACCOMMODATE RELIGION)

57. Plaintiff re-alleges paragraphs 1 through 34 above.

58. Plaintiff held a sincere religious belief protected under the FCRA.

59. Plaintiff notified Defendant of her religious requirement and requested a reasonable accommodation.

60. The aforementioned actions of Defendant constitute failure to accommodate religion in violation of the Florida Civil Rights Act.

61. Defendant refused to provide reasonable accommodation and failed to engage in any interactive process.

62. Defendant's actions were willful.

63. Plaintiff was injured due to Defendant's violations of the FCRA, including but not limited to lost wages, lost employment opportunities, emotional distress, humiliation, anxiety, and mental anguish.

64. Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

**WHEREFORE,** Plaintiff demands:

a) An injunction restraining continued violations of the FCRA;

b) Compensation for lost wages, benefits, and other remuneration;

c) Reinstatement to the extent appropriate, or in the alternative, front pay;

d) Compensatory damages, including emotional distress, allowable at law;

e) Punitive damages as permitted by law;

f) Prejudgment interest on all monetary recovery obtained;

g) All costs and attorney's fees incurred in prosecuting these claims; and

h) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 2nd day of March, 2026.

                Respectfully submitted,
                */s/ Charlotte F. Kelly, Esq.*
                Charlotte F. Kelly, Esq.
                FBN: 90105
                Fernee Kelly Law
                14502 N. Dale Mabry Hwy Ste. 200
                Tampa, FL 33618
                (813) 315-3981
                charlotte@ferneekellylaw.com
                contactus@ferneekellylaw.com
                *Counsel for Plaintiff Sarah K. Deeb*